On Motion for Rehearing
 

 WARNER, J.
 

 We deny the motion for rehearing, but withdraw our previously issued opinion, and substitute the following in its place.
 

 The plaintiffs appeal the denial of their motion for class certification in their declaratory judgment action against the City. We affirm, concluding that the trial court
 
 *938
 
 did not abuse its discretion in determining class action status was not necessary to the relief sought.
 

 In this action, the plaintiffs asked the court to declare that the City’s practice of collecting excessive building permit and inspection fees, the excess of which was not returned to the contractors but placed in the City’s general fund, was contrary to the provisions of section 553.80, Florida Statutes (2009), which require any excess funds to be refunded or used solely for the purposes of carrying out enforcement of the building code. The plaintiffs also requested restitution of excessive fees. The City opposed class certification on grounds that even if the fees charged by the City did exceed the actual costs of enforcement, the statutes, specifically section 553.80(7), expressly gave the City the discretion to either refund the excess or allocate those funds to future allowable activities. The City also argued that there was no need for class certification because if the declaratory relief sought by the plaintiffs were granted, then the benefits would automatically accrue to others similarly situated. The trial court denied class certification because section 553.80(7) gave the City the discretion of either refunding the excess or allocating the excess to allowable activities, that choice being given to the municipality, according to statute. In light of that, the court found that there was no necessity to pursue the claim as a class action and denied certification.
 

 We affirm, concluding that the court did not abuse its discretion in determining that class action status was not necessary to effectuate the relief to which the plaintiffs might be entitled under the statute, as relief by one in the declaratory judgment action would entitle all others similarly situated to relief also. In
 
 Department of Health and Rehabilitative Services v. Alice P.,
 
 367 So.2d 1045 (Fla. 1st DCA 1979), the court held that there was no necessity to bring an administrative rule challenge as a class action, because if a single plaintiff were successful in invalidating an administrative rule, the agency could not enforce it against any other person. Similarly, in this case a declaratory decree finding that the City violated the statute would be uniformly applicable, and the City would have to abide by the terms of the statute by either refunding excessive fees or allocating those funds to allowable activities.
 
 See Kansas Health Care Ass’n v. Kansas Dep’t. of Social and Rehab. Servs.,
 
 31 F.3d 1536 (10th Cir.1994) (class action status not necessary if all persons will benefit from relief sought in injunction by named plaintiffs).
 

 We discount the concern of the individual plaintiff, Northridge, that the City could at this point either refund money to Northridge or move an equivalent amount of money into an authorized account and thus destroy standing. A suit for a declaratory judgment may be maintained by “[a]ny person
 
 claiming to be interested
 
 ... whose rights, status, or other equitable or legal relations are affected by a statute, or any regulation made under statutory authority, or by municipal ordinance ... may have determined any question of construction or validity arising under such statute, regulation, municipal ordinance ... and obtain a declaration of rights, status, or other equitable or legal relations thereunder.” § 86.021, Fla. Stat. (2010) (emphasis supplied). The individual plaintiff alleges that it is a contractor which has paid fees, and the Association of Building Contractors is an organization of South Florida contractors who have also paid such fees
 
 *939
 
 which they claim are excessive and contrary to section 553.80. We think that this is sufficient to show standing to secure a declaration of the City’s practices of collection of fees and whether they violate the statutory provisions. The plaintiffs are certainly interested parties in the payment and collection of building permits.
 

 Affirmed.
 

 LEVINE and CONNER, JJ., concur. .